IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edmund Cokley, | ) Civil Action No.: 9:12-396-MGL |
| Plaintiff, | ) |
| v. | ) **O R D E R** |
| Major K. Sharpe, Captain Kelly, Cpt. Coleman, Cpt. Angela Brown, Sgt. Toney, Sgt. Harris, Sgt. Heneken, Sgt. Epps, Officer Epps, Officer Taft, lgt. Chris Voll, Officer Pompey, Lt. June, Sgt. Jones, Sgt. Brown, A. W. Bradshaw, A. W. Cochran, and Warden Onling, | ) |
| Defendants. | ) |

Plaintiff Edmund Cokley ("Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on February 13, 2012, alleging violations of his constitutional rights. (ECF No. 1.) At the time of the fling of this action, Plaintiff was an inmate incarcerated at the Turbeville County Detention Center. Defendants deny Plaintiff's allegations. (ECF No. 22.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On August 30, 2012, Defendants filed a motion for summary judgment arguing there were entitled to judgment as a matter of law. (ECF No. 30-1,14.) On September 4, 2012, the Magistrate Judge issued a Roseboro Order instructing Plaintiff that he had thirty-four days to respond to the Defendants' motion for summary judgment. (ECF No. 31). The Roseboro Order stated that the Court may grant Defendants' motion for summary judgment if Plaintiff did not file a response by the deadline. (Id.). Notwithstanding these instructions, Plaintiff did not file a response to Defendants' motion. On October 11, 2012, the Magistrate Judge issued an Order giving Plaintiff and additional ten days to respond to Defendants' motion for summary judgment. The Magistrate Judge once again advised Plaintiff that the Magistrate

Judge would recommend that the case be dismissed for failure to prosecute if Plaintiff did not file a response within ten days from the date of the order. (ECF No. 33.)  To this date, Plaintiff has not filed any response to the Magistrate's Order or Defendants' motion for summary judgment.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).  Where, as in this case, the Plaintiff fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate. *Camby v. Davis*, 718 F.2d 198 (4th Cir.1983).

Upon review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper.  As the Magistrate Judge explained in his Report and Recommendation, Plaintiff has failed to prosecute this case and meets all criteria for dismissal under *Chandler Leasing Corp. v. Lopez*, 669 F,2d 919 (4th Cir.1982). Accordingly, this case is DISMISSED  with prejudice.

**IT IS SO ORDERED**.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
November 16, 2012